

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00092-CR
No. 07-13-00093-CR
_____

SANTIAGO MASON GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court Nos. B19380-1301, B19383-1301; Honorable Ed Self, Presiding

December 11, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Santiago Mason Gomez, was convicted by a jury of two separate offenses of aggravated robbery[1] and was sentenced to fifty years confinement in each case to be served concurrently. In presenting his appeal, counsel has filed an *Anders* brief in support of his motion to withdraw. We grant counsel's motion and affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeals are frivolous. *See High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulmann* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[2] Appellant filed a *pro se* response.[3] The State has not filed any response.

Where we have an *Anders* brief by counsel and a *pro se* response by Appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders,* 386

---

[2]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review on execution of the *Trial Court's Certification of Defendant's Right of Appeal,* counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4. *See In re Schulman,* 252 S.W.2d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

[3]By his *pro se* response, Appellant asserts defense counsel failed to adequately defend against an error in the indictment that was corrected by the State's motion to amend the indictment and his appellate counsel failed to inform him he was going to file a motion *nunc pro tunc* to correct a clerical error in the trial court's judgment. Appellate counsel's motion *nunc pro tunc* was granted by the trial court.

U.S. at 744), or, we may determine arguable grounds for appeal exist and remand the cause to the trial court so new counsel may be appointed to brief any non-frivolous issues. *Id.* (citing *Stafford v. State,* 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)). "Only after the issues have been briefed by new counsel may a court of appeals address the merits of the issues." *Bledsoe*, 178 S.W.3d at 827.

We have reviewed counsel's arguments, Appellant's *pro se* response and independently examined the entire record in both cases to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues; s*ee Gainous v. State,* 436 S.W.2d 137, 138 (Tex. Crim. App. 1969), and agree with counsel that there are no plausible grounds for appeal. *See Bledsoe,* 178 S.W.3d at 826-27.

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.